UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

        Plaintiff,

  v.                                      Case No. 22-cv-178-bhl

JOHN KIND, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Rufus West, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. West paid the civil case filing fee in full on February 25, 2022. This matter comes before the Court for screening of the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be

at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

West is an inmate at the Green Bay Correctional Institution (GBCI). Dkt. No 1, ¶5. John Kind is security director at GBCI; Cole is a lieutenant at GBCI; Cindy O'Donnell is the "designee" for Office of the Secretary of the Department of Corrections; and John Does are "DOC employees." *Id*., ¶¶1-4.

On or around September 10, 2021, Cole went to the bathhouse to strip-search West. *Id*., ¶7. West asked who authorized the strip-searched and Cole reported that Kind had authorized it. *Id*. According to West, Cole intentionally conducted the strip-search in a "demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, and repulsive way"

because he is a Muslim inmate who is particularly sensitive to "exposing his nakedness to anyone." *Id.*, ¶¶5, 7, 11. West states that Cole ordered him to:

> "Open your mouth. Show me the front and back of your hands. Show me your armpits. Show me behind your ears. Lift your nutsack (i.e. testicles) and penis. Turn around and show me the bottoms of your feet. Bend over and spread your butt cheeks. Squat and cough three times."

*Id.*, ¶7. West filed an inmate complaint about the incident because he knew there was no legitimate reason to strip-search him that day. *Id.*, ¶8. Through the Inmate Complaint Review System (ICRS), West discovered that Kind had allegedly ordered and/or authorized the strip-search to look for dye that had gone "missing "from the bathhouse. *Id*. West states that he has been working in the bathhouse for a long time, so he knows that the bathhouse has never kept any dye that could have gone "missing." *Id*. West spoke with some correctional officers, and they confirmed that GBCI "never kept dye in the bathhouse" and that West "wasn't strip searched because some dye was missing from the bathhouse." *Id*. West appealed his inmate complaint all the way to O'Donnell (the final decision maker), and O'Donnell accepted the recommendation of the Correctional Complaint Examiner (CCE) and dismissed the inmate complaint appeal. *Id.*, ¶9. For relief, West seeks monetary damages and an injunction. Dkt. No. 1 at 3.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983.

3

. . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

West asks to proceed with claims under the First, Fourth, and Eighth Amendments. Dkt. No. 1 at 3. He also asks to proceed under Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id*.

When it comes to strip-searches, convicted prisoners have rights under both the Fourth and Eighth Amendments. *Henry v. Hulett*, 969 F.3d 769, 776-785 (7th Cir. 2020). While prisoners are subject to reasonable searches that are related to or serve a legitimate institutional objective, the Fourth Amendment protects convicted prisoners from searches that are performed in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose. *Id*. at 781. The Eighth Amendment similarly protects convicted prisoners from unnecessary strip-searches that are subjectively intended as a form of "punishment." *Id*. To state a claim under the Fourth Amendment, West must allege that a strip-search search was "unreasonable" considering the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted. *Id*. at 784 (citing *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). To state a claim under the Eighth Amendment, West must allege that correctional officers conducted a strip-search that was "motivated by a desire to harass or humiliate" or "intended to humiliate and cause psychological pain." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015).

Under these principles, West has adequately alleged violations of both his Fourth and Eighth Amendment rights. West alleges that Kind ordered, and Cole executed, a strip-search on

4

September 10, 2021 that had no legitimate purpose other than to harass him. West states that the purported reason for the strip-search was locating dye that was "missing" from the bathhouse, but the bathhouse has never had any dye that could have gone missing. West further states that Kind and Cole intended to humiliate and embarrass him with the unnecessary strip-search because they knew he was a Muslim inmate who is particularly sensitive to "exposing his nakedness" to others. Ordering and conducting a strip-search for no legitimate penological reason is "unreasonable" under the Fourth Amendment. Further, ordering and conducting a strip-search for the purpose of humiliating and embarrassing a Muslim inmate constitutes "punishment" under the Eighth Amendment. Therefore, West may proceed with a Fourth and Eighth Amendment claim against Kind and Cole in relation to the September 10, 2021 strip-search incident.

To state a claim under the First Amendment and/or RLUIPA, West must allege that the prison imposed a "substantial burden" on his religious practice. *Jones v. Carter*, 915 F.3d 1147, 1150–51 (7th Cir. 2019); *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016); *see also* 42 U.S.C. §2000cc-1(a). Religious practice includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015). A "substantial burden" puts substantial pressure on an adherent to modify his behavior and to violate his beliefs. *Id*. at 364-65. The Seventh Circuit has long held that institutions may conduct strip-searches on a Muslim inmate, even if that inmate alleges that it would burden his religion, because there are legitimate security justifications for any alleged infringement on that inmate's exercise of his faith. *See e.g. McRoy v. Sheahan*, 205 F. App'x 462, 464 (7th Cir. 2006).

To the extent West alleges that strip-searches generally violate his religion and he should never have to participate in them, West does not have a claim under either the First Amendment or RLUIPA. But West does have a claim with respect to his allegation that Kind and Cole strip-

5

searched him on September 10, 2021 for no reason at all other than to harass him for being Muslim, i.e., that Kind and Cole had no legitimate security justification for infringing on this religion on that particular day. Therefore, West may also proceed with a First Amendment and RLUIPA claim against Kind and Cole in relation to the September 10, 2021 strip-search incident.

West cannot proceed with his claims against O'Donnell or John Does, however. West's only allegation against O'Donnell is that she accepted CCE's recommendation and dismissed his inmate complaint appeal. But inmate complaint examiners are not liable under §1983 for simply doing their jobs and ruling on inmate complaints. *Burks*, 555 F.3d at 595; *see Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *see also George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (concluding that a grievance examiner cannot violate the constitution by denying a complaint about "a completed act of harm."). Further, West has not alleged any specific facts about John Does. *See* Dkt. No. 1, ¶10. West appears to use the John Doe placeholder for anyone who could have known about the strip-search and who could have intervened to prevent the strip-search. *Id*. But without specific factual allegations about who those individuals are, West does not satisfy the requirement to give individuals notice that they are defendants in a lawsuit. Accordingly, the Court will dismiss West's claims against O'Donnell and the John Does and they will be removed from this case.

## Conclusion

The Court finds that West may proceed with a First Amendment, Fourth Amendment, Eighth Amendment, and RLUIPA claim against Kind and Cole in relation to the September 10, 2021 strip-search incident.

**IT IS THEREFORE ORDERED** that West's claims against O'Donnell and the John Does are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of West's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Kind and Cole.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Kind and Cole shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

West is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 12, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge